Bruce W. Baber
(Admitted *pro hac vice*)
Kathleen E. McCarthy
(Admitted *pro hac vice*)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone:  212-556-2200
Facsimile:  212-556-2222

Albert F. Pagni
(Nevada Bar No. 0987)
JONES VARGAS
100 West Liberty Street, 12th Floor
Reno, Nevada  89501
Telephone:  775-786-5000
Facsimile:  775-786-1177

Attorneys for Plaintiff
GEORGIA-PACIFIC CONSUMER
PRODUCTS, L.P.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS, L.P., <br><br> Plaintiff, <br> vs. <br><br> NEXTEP, INC. and SAMUEL L. PAUL, <br><br> Defendants, | Case No. 3:09-CV-00156-RCJ-RAM <br><br><br> **JOINT MOTION TO SUSPEND DISCOVERY AND TO MODIFY SCHEDULING ORDER** |

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, Local Rules

26-1 and 26-4, and the agreement of the parties, Plaintiff/Counterclaim-Defendant

Georgia-Pacific Consumer Products, LP ("Georgia-Pacific"), and Defendants/Counterclaim-

Plaintiffs Nextep, Inc. and Samuel L. Paul (collectively, "Defendants"), respectfully request that

discovery in this action be suspended until July 31, 2011, and that all other subsequent deadlines set forth in the Court's scheduling order entered on March 7, 2011, be reset accordingly, to allow the parties time to pursue and, if possible, complete serious settlement negotiations that are currently ongoing.

In support of this motion, the parties respectfully show that this is an action by Georgia-Pacific for false advertising, unfair competition and deceptive trade practices. Defendants have asserted counterclaims for trademark infringement and related claims under federal and state law.

This case involves a greater than normal volume of evidence; a number of disputed legal issues; the need to obtain discovery from third parties over whom the parties do not have control; and the potential use of multiple experts on issues including likelihood of confusion and damages. The issues in this action involve trademarks that date back to the early 1970's and a significant volume of historical materials in addition to a large volume of electronic discovery materials from more recent years.

The parties have worked diligently toward completing fact discovery during the past several months, and fact discovery is essentially complete. Both parties have produced significant quantities of documents, electronic discovery materials, written discovery and have obtained documents and both party and non-party deposition testimony. Fact discovery closed on April 15, 2011. The parties have worked together to meet that deadline and have agreed to conduct in the coming weeks and as soon as possible, consistent with the schedule of the witness and his counsel, one additional third-party deposition that could not be scheduled during the discovery period due to the schedule of the witness's attorney, namely the deposition of Stanley

Manne, the owner of the company from which defendant Nextep claims to have purchased rights to the BRAWNY trademark in 2003.

This request is not made for purposes of delay, and the parties respectfully submit that there is good cause for the requested extension.  The parties are seriously exploring the possibility of settlement, and the type of settlement being contemplated – and regarding which Georgia-Pacific is currently considering two alternative settlement proposals made by Defendants at Georgia-Pacific's request – would be relatively complicated and would involve a number of different issues.

The suspension requested will allow the parties to focus on these settlement efforts, which, if successful, would resolve this and related disputes in their entireties and obviate the need for further litigation activities such as expert discovery.  In view of the scheduling difficulties surrounding Mr. Manne's deposition, the parties have agreed to exclude that deposition from the suspension sought and plan to schedule and take Mr. Manne's deposition in the coming weeks when both the witness and his attorney are available.

The parties have further agreed, subject to the approval of the Court, that all subsequent deadlines in the scheduling order should be extended to account for the suspension of discovery should they fail to agree on a settlement.  If the matter is not settled by July 31, 2011, the new schedule agreed to by the parties would be as follows:

1.      Opening expert reports from parties bearing the burden of proof on any issue shall be due on August 31, 2011.

2.      Rebuttal expert reports, if any, shall be due on September 30, 2011.

3.      After service of rebuttal expert reports, if any, the parties may conduct expert depositions.  Expert discovery will end on October 31, 2011.

4.      The parties will submit an interim status report in accordance with LR 26-3 by September 1, 2011.

5.      The parties must file all dispositive motions by November 30, 2011, unless otherwise permitted by Court order.

6.      If neither party files a dispositive motion, the joint pretrial order shall be filed not later than thirty (30) days after the date set for filing dispositive motions.  In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motion(s) or further order of the Court.

7.      The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the Pretrial Order.

8.      Except as provided above, the Scheduling Orders entered on March 23, 2010 (Docket No. 78), November 29, 2010 (Docket No. 96), and March 7, 2011 (Docket No. 105) including paragraphs 2, 6 and 7 of the March 23, 2010 Order (Docket No. 78), shall remain in effect.

Respectfully submitted, this 3rd day of May, 2011.


  /s/  Bruce W. Baber
Bruce W. Baber (admitted *pro hac vice*)
Kathleen E. McCarthy (admitted *pro hac vice*)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:  212-556-2200
Facsimile:  212-556-22223498
E-mail:  bbaber@kslaw.com
        kmccarthy@kslaw.com

  /s/  J. Michael Monahan II
Janet A. Marvel (admitted *pro hac vice*)
J. Michael Monahan II (admitted *pro hac vice*)
PATTISHALL, MCAULIFFE, NEWBURY,
   HILLIARD & GERALDSON LLP
311 S. Wacker Drive, Suite 5000
Chicago, Illinois 60606
Telephone:  312-554-8000
Facsimile:  312-554-8015
E-mail: jam@pattishall.com
        mm@pattishall.com

Albert F. Pagni (Nev. Bar # 0987)                          Gary M. Fuller (Nev. Bar # 00125)
JONES VARGAS LLP                                          GUILD, RUSSELL, GALLAGHER &
100 West Liberty Street                                       FULLER, LTD.
Twelfth Floor                                                 100 West Liberty Street, Suite 800
Reno, Nevada  89501                                       Reno, Nevada 89501
Telephone:  775-786-5000                                  Telephone:  775-786-2366
Facsimile:  775-786-1177                                  Facsimile:  775-322-9105

Attorneys for Plaintiff                                   Attorneys for Defendants

ORDER

Upon  review  of  the  foregoing  Joint  Motion  To  Suspend  Discovery  Period  And  To

Modify Scheduling Order, **IT IS SO ORDERED,** this _3rd_ day of _May_____, 2011**.**

_____
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that this document is being served on all counsel of record via transmission of Notices of Electronic Filing generated by the Court's CM/ECF system, this 3rd day of May, 2011.


    /s/  Bruce W. Baber

Bruce W. Baber